## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## PINE BLUFF DIVISION

| | |
|---|---|
| DARNELL RUSHING, | ) |
| | ) |
| ADC # 80025 | )   **Case No. 5:10-CV-00127 SWW-JTK** |
|         Petitioner, | ) |
| v. | ) |
| | ) |
| RAY HOBBS, Director, Arkansas | ) |
| Department of Correction | ) |
|         Respondent. | ) |

### PROPOSED FINDINGS AND RECOMMENDATIONS

### Instructions

The following recommended disposition has been sent to United States District Court Judge Susan W. Wright. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

**Disposition**

BEFORE THE COURT is the Petition for Writ of Habeas Corpus filed by Darnell Rushing on April 28, 2010. (Doc. No. 2). A response was filed by Respondent Ray Hobbs on June 1, 2010. (Doc. No. 9). Petitioner filed a reply on June 29, 2010. (Doc. No. 12). After reviewing the Parties' briefing and the available evidence, the Court finds that the current action should be DISMISSED.

**Background**

Petitioner pled guilty to capital murder in the St. Francis County (Arkansas) Circuit Court, and the judgment of conviction was entered on September 10, 1982. He is currently serving the resulting sentence of life without parole in the Arkansas Department of Correction. On October 26, 1992, Petitioner filed a motion pursuant to Ark. R. Crim. P. 37.1 arguing ineffective assistance of counsel, a failure to prove any underlying felony, and an invalid plea.

This motion was denied as untimely on March 15, 1993, because the motion had been filed more than ninety days after the judgment of conviction. (Pet. Ex. D, Doc. No. 2). There was no appeal of this decision.

## Discussion

Petitioner requests relief pursuant to 28 U.S.C. § 2254 based on the following grounds: 1) Petitioner was denied effective assistance of counsel at trial and during appeal; 2) Petitioner's written confession was unsigned and fabricated; 3) Petitioner was denied his right to an attorney during interrogation; and 4) Petitioner's guilty plea was not given knowingly and intelligently because it was the result of ineffective assistance of counsel. However, the merits of these claims will not be addressed because Petitioner's claims are time-barred pursuant to 28 U.S.C. § 2244(d)(1)(A).[1]

Section 2244 requires state habeas petitioners to file their petitions within one year of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." *Id.* If Petitioner's conviction had occurred after the Antiterrorism and Effective Death Penalty Act (AEDPA) was enacted, the starting date for limitations purposes would have been September 10, 1982, the date that Petitioner's judgment of conviction was entered, because Petitioner did not request relief under Rule 37, and his guilty plea precluded him from seeking any direct appeal under Arkansas law. Ark. R. App. Proc.—Crim. 1(a). However, habeas petitions concerning pre-AEDPA final judgments were

---

[1] The Court would note that Petitioner's claims are also procedurally-barred. *See Barrett v. Acevedo*, 169 F.3d 1155, 1161 (8th Cir. 1999) ("If a petitioner has not presented his habeas corpus claim to the state court, the claim is generally defaulted."). The Court need not address Petitioner's arguments regarding cause and prejudice because his petition is clearly time-barred.

given a one-year grace period that ended on April 24, 1997. *Ford v. Bowersox*, 178 F.3d 522, 523 (8th Cir. 1999). Petitioner did not file the current petition until April 28, 2010.

There is no argument or indication that any of the statutory exceptions to the one-year period of limitation apply. *See* 28 U.S.C. § 2244(d)(1)(B)-(D) (explaining that the limitations period will be tolled in situations where the state impeded relief, new constitutional rights were created by the Supreme Court, or newly discovered facts underpin the claim). Nor is there any reason to believe that equitable tolling would be appropriate. *See Kreutzer v. Bowersox*, 231 F.3d 460, 463 (8th Cir. 2000) ("Equitable tolling is proper only when extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time."). Petitioner does appear to argue that the statute of limitations should be equitably tolled because he is actually innocent, but actual innocence cannot toll the limitations period absent a showing that some action or inaction on the part of the respondent "prevented [the petitioner] from discovering the relevant facts in a timely fashion, or, at the very least, that a reasonably diligent petitioner could not have discovered these facts in time to file a petition within the period of limitations." *Flanders v. Graves*, 299 F.3d 974, 977-78 (8th Cir. 2002) (explaining that AEDPA "fixes a one-year period of limitations, and says nothing about actual innocence, even though other parts of AEDPA, enacted at the same time, do refer to this doctrine."). The failure of Petitioner's trial counsel to inform him of his right to appeal does not excuse the 28-year gap between his conviction and his petition for habeas corpus, which was filed thirteen years after the AEDPA grace period had run. *See Beery v. Ault*, 312 F.3d 948, 951 (8th Cir. 2002) ("Ineffective assistance of counsel generally does not warrant equitable tolling."); *Baker v. Norris*, 321 F.3d 769, 771-72 (8th Cir. 2003) ("[W]e cannot endorse Baker's argument that the

Act's title provides an excuse for her not being aware of the one-year statute of limitations."). Accordingly, the Court finds that the Petitioner's petition is time-barred.

IT IS THEREFORE ORDERED that Petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. No. 2) be, and it is hereby, dismissed, with prejudice. The relief prayed for is DENIED.

SO ORDERED this 9th day of April, 2012.

_____
United States Magistrate Judge